HEBBE, Appellant, vs. THE TOWN OF MAPLE CREEK, Respondent.

*September 25 — October 15, 1901.*

*Highways: Defect causing injury: Special verdict: Instructions.*

In an action for injuries alleged to have been caused by a large stone lying so near the traveled track as to constitute a defect in the highway, the court directed findings that the injury had been received and as to the amount of damages, and submitted to the jury the question, among others, whether the injury was caused by the defective and unsafe condition of the highway. In the instructions, however, the jury were substantially directed to assume that the stone caused the injury, and to pass upon the question whether, as situated, it constituted a defect, and in so doing to decide whether the track upon which plaintiff was traveling was a part of the traveled way or was so casual that his turning into the same constituted a deviation. The jury merely answered in the negative the question submitted as above stated, leaving all the other questions of the special verdict unanswered. *Held,* that the instructions had so confused the question that it was improbable that the minds of all the jurors had met in the answer, and that therefore the verdict could not stand.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action to recover damages by reason of injuries to plaintiff's wife, team, and vehicle, claimed to have been caused by a defective highway. It was claimed that plaintiff, driving along the traveled way, came in contact with a large stone so near thereto as to constitute a defect, whereby he was thrown from the wagon, the horses caused to run away, and at some distance to come in contact with a telegraph pole, throwing plaintiff's wife out of the vehicle, and causing her injuries, and causing injuries to the team from which one of the horses died. The dispute was principally whether the track upon which plaintiff was driving was fairly a part of the traveled way of the highway or was a

mere deviation therefrom, and whether the plaintiff's own negligence or the unmanageable character of his horses par- ticipated in causing the injury. The court submitted a spe- cial verdict, of which the first question, to the effect that the injuries in fact occurred, was answered by the court, as also the sixth question, as to the amount of damages. Apart from these, the second question only was answered, and that in the negative. It was, "Was such injury caused by the defective and unsafe condition of the highway at the time and place in question?" That question being answered "No," the jury, under instruction from the court, refrained from answering as to constructive notice of such defect, as to whether the defect was the proximate cause of the injury, and whether plaintiff was guilty of any contributory negli- gence. After a motion to set aside the verdict and for new trial, judgment was rendered in favor of the defendant, from which the plaintiff appeals.

*F. C. Weed*, for the appellant.

*Humphrey Pierce*, for the respondent.

DODGE, J. We are confronted in appellant's brief with twenty-seven assignments of error; not, however, very clearly presenting the fundamental and all-pervading error which we are convinced deprives the verdict of any efficacy and constrains us to hold that there has been an entire mis- trial. The only controverted question which was answered by the jury has already been quoted in the statement of facts. Apparently that question assumed the existence of a defect, and called on the jury to decide merely whether or not such defect in fact caused the injuries complained of. That question was wholly unambiguous, and its answer ap- parently could mean only that the injuries were not caused by the defect complained of, but by something else,— pos- sibly plaintiff's contributory negligence, or possibly some other defect in the highway, such as the telegraph pole.

Hebbe vs. The Town of Maple Creek.

But when we turn to the instructions we find the jury substantially directed to assume that contact with the stone near the wagon tracks did cause the injury, and to pass upon the question whether such stone, as situated, constituted a defect; and in so doing to pass upon and decide whether the wagon track adopted by plaintiff was a part of the traveled way, or was so casual that his turning into the same constituted a deviation out of the road.   Thus, after describing the essentials of a proper highway, the court said: " All these things you are to take into account in determining this question, and you are to find whether or not, under these rules, that highway was in a reasonably safe and proper condition for travel.   If you find that it was, then you should answer that question 'No.' "   And again: " If you find that it was sufficient traveled track to justify the plaintiff or anybody else in using it, and that that stone was in such proximity to it as to be dangerous, constituting an obstruction dangerous upon that track, then you should answer this question ' Yes.'   If, however, you find that the town had prepared a sufficiently wide space for travel, and that this obstruction was merely in a temporary track, and one which the traveling public had no right to assume was a proper track, then that stone did not constitute a defect, and you should answer this question by ' No.' "   This presents a situation from which only confusion in the minds of the jury could result.   The jury took with them to their room the special verdict, plain, unambiguous, and calling for their conclusion on one question.   They also took with them more or less of memory of the court's instruction directing them to arbitrarily answer the question *yes* or *no*, according as they were convinced as to a wholly different subject. Now, while a finding either that there was no defect, or that the defect, if there was any, did not cause the injury, would justify a judgment for the defendant, we cannot persuade ourselves that there is any certainty — nay, hardly

probability — that *all* of the jury have answered either of these questions. The situation is too much like that presented by two contradictory instructions, one of which is right and the other wrong. As has been held in this court, it cannot be presumed that the minds of all the jurymen have been guided by one or the other of such instructions, and here it cannot be presumed either that all of the jury have ignored the question put, and answered a different one, in accordance with the instruction of the court, or that all of them have ignored the instruction of the court, and answered the question as written. Some may have pursued the one course, and some the other. There is therefore no finding upon any of the controverted questions of fact, and no support for any judgment. This view renders unnecessary consideration of the many specific errors assigned.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.